LYONS J.
in case of a foreclosure, how would it be, if there were no covenant for payment of the debt.
Marshall. In that case, the mortgagee must be satisfied with the security he has taken; but he may elect to have the property sold, iri which case, he may proceed against the mortgagor for the balance left unsatisfied by the mortgaged property.
As to the presumption of payment, it was a fit subject to have been relied upon at law. But surely it cannot be seriously contended, that the acceding creditors are precluded from claiming such part of their debts, as remained unsatisfied under the trust.
The PRESIDENT.
The presumption of payment arising from length of time, besides being defeated by the acknowledgments of the debtor in 1775 and 1779, is sufficiently repelled, by considering the delay necessarily incurred, ■ whilst the creditor was waiting to see what the trust estate would produce. The creditors are not barred, by the terms on which they acceded to the deed of trust, from demanding any balance not satisfied under the trust — nor does it even appear, that the debtor had a letter of license, which on such occasions is generally given.
It never was supposed, that the property of an insolvent debtor, acquired after his discharge, was exempted from the claims of his creditors, until the debts before contracted were fully satisfied. It is his person only, which is protected.
fWe come now to consider, the nature and extent of the relief sought for. Courts of Equity never interfere, to deprive the plaintiff )at law, of any legal advantage which he may have gained, unless the party, seeking relief, will do corn-pleat justice by paying what is really duel Indeed, they have (upon the same principle, ) gone so far as to refuse their assistance, in relieving against a judgment, obtained by fraud.
The trust deed furnishes no equitable bar to the creditor, since he has waited, to know the result of that fund, as long as could have been expected. If Payne’s executor had supposed, that a balance of the trust property were still remaining unapplied, he might have made the representatives of the trustees parties, and called for an account.
Decree affirmed.